IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | 1-09-cv-128 SPMIAK |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| THE CROM CORPORATION, ) and CROM EQUIPMENT RENTALS, INC. ) ) | JURY TRIAL DEMAND |
| Defendants. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Clarence G. Thomas and other similarly situated individuals who were adversely affected by such practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Defendants The Crom Corporation and Crom Equipment, Rentals, Inc. discriminated against Thomas and other similarly situated individuals by subjecting them to harassment because of race. The Commission further alleges that Defendants retaliated against Thomas by suspending him for engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Summons issued
6/2/2009 KMalu

Filed 0602'09 USDcF ln1 PM 1204  KM

2. Jurisdiction is proper in the United States District Court for the Northern District of Florida, Gainesville Division, pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, The Crom Corporation ("Crom Corporation"), has continuously been a Florida corporation doing business in the State of Florida and the City of Gainesville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Crom Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Crom Equipment Rentals, Inc. ("CER") has continuously been a Florida corporation doing business in the State of Florida and the City of Gainesville, and has continuously had at least 15 employees.

7. At all relevant times, Defendant CER has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Thomas filed a charge with the Commission alleging violations of Title VII by Defendants.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least August of 2006, Defendants have engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §2000e-3(a) as follows:

(a) Defendants subjected Thomas, an African-American male, and other similarly situated individuals to a racially hostile work environment.

(b) Thomas was subjected to a racially hostile work environment when his coworker subjected him to harassment which included, but was not limited to, the following: locking Thomas in a tool shed and spray-painting the word "Jail" on the shed door; putting a hangman's noose around Thomas's neck; hanging a noose in Thomas's work area; and threatening to decapitate Thomas.

(c) Thomas complained about the racially hostile work environment. However, Defendants failed to take effective corrective action and the harassment continued. Ultimately, the coworker who harassed Thomas was given a higher paid position with Defendants.

(d) Other similarly situated employees were also offended by the racially hostile work environment.

(e) Thomas engaged in protected activity within the meaning of 42 U.S.C. § 2000e-3(a).

(f) After Thomas engaged in protected activity, Defendants retaliated against him by suspending Thomas from his employment.

11. The effect of the practice(s) complained of in paragraph ten (10) above has been to deprive Thomas and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their race. Further, the effect of such practice(s) has been to retaliate against Thomas because he engaged in protected activity.

12. The unlawful employment practices complained of in paragraph ten (10) above were intentional.

13. The unlawful employment practices complained of in paragraph ten (10) above were done with malice or with reckless indifference to the federally protected rights of Thomas and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of race and from retaliating against employees for engaging in protected activity.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of race, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Thomas, by providing appropriate lost wages associated with the unlawful suspension, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make whole Thomas and other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph ten (10) above, in amounts to be determined at trial.

E. Order Defendants to make whole Thomas and other similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful

4

practices complained of in paragraph ten (10) above, including pain, suffering and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay Thomas and other similarly situated individuals punitive damages for Defendants' malicious and reckless conduct described in paragraph ten (10) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
1801 L Street N.W.
Washington, D.C. 20507

NORA E. CURTIN
Regional Attorney

MARIA KATE BOEHRINGER
Supervisory Trial Attorney

_____
MARISOL ESTEVEZ
Trial Attorney
Florida Bar No. 834661
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel.: (305) 808-1847
Fax: (305) 808-1835
Email: marisol.estevez@eeoc.gov

Dated: 6/1/09

FedEx                                    TUE - 02 JUN   AA
                                         PRIORITY OVERNIGHT
TRK# 8619 0643 9394
0215
                                                    32601
                                                    FL-US
XH CDKA                                             JAX

emp# 2027447   01JUN09 18:10



**FedEx US Airbill Express**   FedEx Tracking Number  8619 0643 9394   Recipient's Copy

**1 From** This portion can be removed for Recipient's records.
Date 6/1/09   FedEx Tracking Number 861906439394
Sender's Name MARISOL ESTEVEZ   Phone 305 808-1847
Company US EEOC/MIAMI DIST OFFICE
Address 2 S BISCAYNE BLVD STE 2700
City MIAMI   State FL   ZIP 33131

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name CLERK OF COURTS   Phone 352-380-2400
Company US DISTRICT COURT NORTHERN DIST. FLORIDA
Recipient's Address 401 SE FIRST AVE., Rm. 243
City GAINESVILLE   State FL   ZIP 32601

0361024930

8619 0643 9394

**4a Express Package Service**
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope
[X] FedEx Pak*
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
[X] No   [ ] Yes As per attached Shipper's Declaration   [ ] Yes Shipper's Declaration not required   [ ] Dry Ice   [ ] Cargo Aircraft Only

**7 Payment** Bill to:
[ ] Sender   [ ] Recipient   [X] Third Party   [ ] Credit Card   [ ] Cash/Check

Total Packages 1   Total Weight 0.5

**8 Residential Delivery Signature Options**
[ ] No Signature Required
[ ] Direct Signature
[ ] Indirect Signature

519